IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMY FISCHER and MORRISON OMORUYI, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>KMART HOLDING CORPORATION and, SEARS HOLDINGS CORPORATION,<br><br>Defendants. | Civil Action No. _____<br><br>Class and Collective Action Complaint<br><br>Jury Trial Demanded |

## INTRODUCTION

Plaintiffs Amy Fischer and Morrison Omoruyi ("Plaintiffs"), individually and on behalf of all others similarly situated, file this Class and Collective Action Complaint (the "Complaint") against Defendants Kmart Holding Corporation and Sears Holdings Corporation (collectively, "Defendants" or "Kmart"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*, the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-4.2, *et. seq.*, §§ 34:11-56a, *et seq.*, and §§ 12:56-6.1, *et. seq.* ("NJWHL"), the Maryland Wage and Hour Law, MD. Lab. & Empl. Code §§ 3-401, *et. seq.* ("MWHL") and the Maryland Wage Payment and Collection Law ("MWPCL"). The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1.  Plaintiffs allege on behalf of themselves and other current and former

assistant managers and similarly situated current and former employees holding comparable positions but different titles ("Assistants"), employed by Defendants in the United States, who elect to opt into this action pursuant to the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. § 216(b) (hereinafter the "Collective" or "Collective Action Members"), that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*.

   2. Plaintiff Fischer also brings this action under the NJWHL pursuant to Fed. R. Civ. P. 23 on behalf of all Assistants and other individuals paid by the same compensation method holding comparable positions but different titles employed by Kmart at its stores within the State of New Jersey (the "New Jersey Class"). Kmart violated the NJWHL by failing to pay Assistants for all hours worked, failing to pay Assistants overtime on a timely basis, and failing to pay Assistants the legally required amount of overtime compensation required by law for all hours worked over 40 in a workweek. Plaintiff Fischer and the New Jersey Class are entitled to unpaid wages from Kmart for all hours worked by them as well as unpaid overtime wages for hours worked above 40 in a workweek, and are also entitled to liquidated damages pursuant to the NJWHL.

   3. Plaintiff Omoruyi also brings this action under the MWHL and MWPCL pursuant to Fed. R. Civ. P. 23 on behalf of all Assistants and other individuals paid by the same compensation method holding comparable positions but different titles employed by Kmart at its stores within the State of Maryland (the "Maryland Class"). Together, the New Jersey Class and the Maryland Class are referred to as the "State Classes." Kmart violated the MWHL and MWPCL by failing to pay Assistants for all hours worked, failing to pay Assistants overtime on a timely basis, and failing to pay Assistants the legally required amount of overtime

compensation required by law for all hours worked above 40 in a workweek. Plaintiff Omoruyi and the Maryland Class are entitled to unpaid wages from Kmart for all hours worked by them as well as unpaid overtime wages for hours worked above 40 in a workweek, and are also entitled to liquidated damages pursuant to the MWHL and MWPCL.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

5. This Court has jurisdiction over Plaintiff Fischer's NJWHL claims and Plaintiff Omoruyi's MWHL and MWPCL claims pursuant to 28 U.S.C. § 1332(d) and the Class Action Fairness Act ("CAFA"). The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

6. Upon information and belief, at least one member of the proposed classes is a citizen of a state different from that of the Defendants.

7. The class claims involve matters of national or interstate interest.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

9. Upon information and belief, Defendants regularly conduct business in this district.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

*The Plaintiffs*

11. Plaintiff Amy Fischer is an individual residing in Bayville, New Jersey.

3

12. During all relevant times, Plaintiff Fischer was employed by Kmart, including, specifically, from January 2010 to August 2011, as an assistant manager at Defendants' store located in Manahawkin, New Jersey.

13. Plaintiff Morrison Omoruyi is an individual residing in Riverdale, Maryland.

14. During all relevant times, Plaintiff Omoruyi was employed by Kmart, including, specifically, from July 7, 2011 to March 28, 2012, as an assistant manager at Defendants' store located in Silver Spring, Maryland.

*The Defendants*

15. Defendant Sears Holdings Corporation is a corporation, organized and existing under the laws of Delaware, with its corporate headquarters at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

16. Defendant Kmart Holding Corporation is a wholly-owned subsidiary of Defendant Sears Holdings Corporation with its corporate headquarters at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

17. According to its most recent 10K SEC filing, Defendants operate a chain of 1,221 stores across throughout the country, with sales of over $15.59 billion in fiscal year 2012.

18. At all times relevant herein, Defendants have been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

19. At all times relevant herein, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

20. At all times relevant herein, Defendants have been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for

commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1). Further, Kmart has had and has a gross volume of sales made or business done of at least $500,000.

21. At all times relevant herein, Plaintiffs, and all similarly situated Assistants were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

22. Defendants issued paychecks to the Plaintiffs and all similarly situated employees during their employment.

23. Defendants directed the work of Plaintiffs and similarly situated employees, and benefited from work performed it suffered or permitted from them.

24. Plaintiffs and similar employees worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA, NJWHL, MWHL and MWPCL.

25. Pursuant to Defendants' policy and pattern or practice, Defendants did not pay Plaintiffs and other similarly situated employees proper overtime wages for hours they worked for Defendants' benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

26. Consistent with Kmart's policy and pattern or practice, Plaintiffs and the members of the Collective and State Classes regularly worked in excess of 40 hours per workweek without being paid overtime wages.

27. Kmart has assigned all of the work that Plaintiffs, the Collective Action Members, and State Class Members have performed, and/or Kmart is aware of all the work that they have performed.

28. The same primary job duties were performed by Plaintiffs and all members of the Collective and the State Classes: working the cash registers, stocking shelves, cleaning the store, assisting customers, building displays, unpacking merchandise, and unloading trucks.

29. The primary job duties of Plaintiffs and all members of the Collective and the State Classes did not include: hiring, firing, disciplining, or directing the work of other employees.

30. The primary job duties of Plaintiffs and all members of the Collective and the State Classes did not materially differ from the duties of non-exempt hourly paid employees.

31. The primary job duties of Plaintiffs and all members of the Collective and the State Classes did not include the exercise of meaningful independent discretion with respect to their duties.

32. The primary job duties of Plaintiffs and all members of the Collective and the State Classes were manual in nature. The performance of manual labor occupied the majority of the working hours of Plaintiffs and all members of the Collective and the State Classes.

33. Pursuant to a centralized, company-wide policy, and pattern or practice, Kmart classified all Assistants as exempt from coverage of the overtime provisions of the FLSA.

34. Kmart did not perform a person-by-person analysis of the job duties of Assistants when making the decision to uniformly classify all of them as exempt from the FLSA's overtime protections.

35. As part of its regular business practice, Kmart has intentionally, willfully and repeatedly engaged in a policy, and pattern or practices of violating the FLSA and the state wage and hour laws with respect to Plaintiffs and the members of the Collective. This policy or practice includes but is not limited to:

      a.      willfully misclassifying Plaintiffs and members of the Collective and State Classes as exempt from the overtime requirements of the FLSA;

      b.      willfully failing to pay Plaintiffs and the members of the Collective and State Classes overtime wages for hours they worked in excess of 40 hours per week.

36. Upon information and belief, Kmart's unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and state wage and hour laws.

37. Kmart is aware, or should have been aware, that federal law and state wage and hour laws required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

38. Kmart's failure to pay overtime wages for work performed by the Collective Action Members and State Class Members in excess of 40 hours per workweek was willful.

39. Kmart's unlawful conduct has been widespread, repeated and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

40. Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a Collective Action on behalf of all persons who are or were formerly employed by Kmart as Assistants at any time from three years from date of filing this Complaint, to the entry of judgment in this case (the "Collective Action Period").

41. Kmart is liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiffs and other similarly situated employees.

42. There are many similarly situated current and former Assistants who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the

issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

43. Potential Collective Action Members are easily identified though Kmart's business records.

## NEW JERSEY CLASS ALLEGATIONS

44. Plaintiff Fischer sues on her own behalf and on behalf of the New Jersey Class as defined above, pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

45. Kmart violated the NJWHL and the regulations promulgated thereunder by failing to properly pay overtime wages to Plaintiff Fischer and other putative New Jersey Class Members for all hours in which they worked over 40 in a given workweek.

46. The New Jersey Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, these similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Upon information and belief, there are at least 100 members of the New Jersey Class.

47. There are questions of law and fact common to the members of the New Jersey Class that predominate over any questions solely affecting the individual members of the New Jersey Class.

48. The critical question of law and fact common to Plaintiff Fischer and the New Jersey Class that will materially advance the litigation is whether Kmart is required by the FLSA and NJWHL to pay Plaintiff Fischer and the New Jersey Class at a rate of 1.5 times its regular hourly rate for hours worked overtime.

49. Other questions of law and fact common to the New Jersey Class that will materially advance the litigation include, without limitation:

   a. Whether Kmart employed Plaintiff Fischer and the New Jersey Class Members within the meaning of the NJWHL;

   b. What proof of hours worked is sufficient when the employer fails in its duty to maintain time records;

   c. Whether Kmart failed to pay Plaintiff Fischer and the New Jersey Class members for all of the hours they worked;

   d. Whether Kmart failed to pay Plaintiff Fischer and the New Jersey Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the NJWHL and the regulations promulgated thereunder including, by adoption, 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104;

   e. Whether Kmart is liable for all damages claimed by Plaintiff Fischer and the New Jersey Class, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees; and

   f. Whether Kmart should be enjoined from continuing to violate the NJWHL in the future.

50. Plaintiff Fischer's claims are typical of the claims of the members of the New Jersey Class. Plaintiff Fischer has the same interests in this matter as all other members of the New Jersey Class.

51. Plaintiff Fischer is an adequate class representative, is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

52. Class certification of Plaintiff Fischer's NJWHL claim is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Kmart has acted or refused to act on grounds generally applicable to the New Jersey Class, making appropriate both declaratory and injunctive relief with respect to the New Jersey Class as a whole. The members of the New Jersey Class are entitled to injunctive relief to end Kmart's common and uniform policy and practice of denying the New Jersey Class the wages to which they are entitled.

53. Class certification of Plaintiff Fisher's NJWHL claim is also appropriate pursuant to FED. R. CIV. P. 23(B)(3) because questions of law and fact common to the New Jersey Class predominate over questions affecting only individual members of the New Jersey Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

54. Plaintiff Fischer knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## MARYLAND CLASS ALLEGATIONS

55. Plaintiff Omoruyi sues on his own behalf and on behalf of the Maryland Class as defined above, pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

56. Kmart violated the MWHL and MWPCL and the regulations promulgated thereunder by failing to properly pay overtime wages to Plaintiff Omoruyi and other putative Maryland Class Members for all hours in which they worked over 40 in a given workweek.

57. The Maryland Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, these similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Upon information and belief, there are at least 100 members of the Maryland Class.

58. There are questions of law and fact common to the members of the Maryland Class that predominate over any questions solely affecting the individual members of the Maryland Class.

59. The critical question of law and fact common to Plaintiff Omoruyi and the Maryland Class that will materially advance the litigation is whether Kmart is required by the FLSA, the MWHL and the MWPCL to pay Plaintiff Omoruyi and the Maryland Class at a rate of 1.5 times its regular hourly rate for hours worked overtime.

60. Other common questions of law and fact common to the Maryland Class that will materially advance the litigation include, without limitation:

    a. Whether Kmart employed Plaintiff Omoruyi and the Maryland Class Members within the meaning of the MWHL and MWPCL;

    b. What proof of hours worked is sufficient when the employer fails in its duty to maintain time records;

    c. Whether Kmart failed to pay Plaintiff Omoruyi and the Maryland Class members for all of the hours they worked;

    d. Whether Kmart failed to pay Plaintiff Omoruyi and the Maryland Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the MWHL and

> MWPCL and the regulations promulgated thereunder including, by adoption, 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104;
>
> e. Whether Kmart is liable for all damages claimed by Plaintiff Omoruyi and the Maryland Class, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees; and
>
> f. Whether Kmart should be enjoined from continuing to violate the MWHL and MWPCL in the future.

61. Plaintiff Omoruyi's claims are typical of the claims of the members of the Maryland Class. Plaintiff Omoruyi has the same interests in this matter as all other members of the Maryland Class.

62. Plaintiff Omoruyi is an adequate class representative, is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

63. Class certification of Plaintiff Omoruyi's MWHL and MWPCL claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Kmart has acted or refused to act on grounds generally applicable to the Maryland Class, making appropriate both declaratory and injunctive relief with respect to the Maryland Class as a whole. The members of the Maryland Class are entitled to injunctive relief to end Kmart's common and uniform policy and practice of denying the Maryland Class the wages to which they are entitled.

64. Class certification of Plaintiff Omoruyi's MWHL and MWPCL claims is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over questions affecting only individual members of the Class, and because a

12

class action is superior to other available methods for the fair and efficient adjudication of this litigation.

65. Plaintiff Omoruyi knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION:
## FAIR LABOR STANDARDS ACT

66. Plaintiffs, on behalf of themselves and all Collective Action Members, reallege and incorporate by reference the paragraphs 1 through 65 as if they were set forth again herein.

67. Kmart has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

68. Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff Fischer's consent form is attached as Exhibit A and Plaintiff Omoruyi's consent form is attached as Exhibit B.

69. At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

70. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq*. apply to Kmart.

71. Kmart is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

72. At all times relevant, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

73. Kmart has failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

74. Kmart's violations of the FLSA, as described in the Complaint, have been intentional and willful. Kmart has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and other similarly situated current and former employees.

75. Because Kmart's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

76. As a result of the Kmart's violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*

77. As a result of the unlawful acts of Kmart, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION:**
**NEW JERSEY WAGE AND HOUR LAW (NEW JERSEY CLASS)**

78. Plaintiffs reallege and incorporate by reference the paragraphs 1 through 65 as if they were set forth again herein.

79. At all relevant times, Plaintiff Fischer and the New Jersey Class Members were employed by Defendants within the meaning of the NJWHL.

80. Defendants willfully violated Plaintiff Fischer's rights and the rights of the New Jersey Class by failing to pay them the legally required amount of overtime compensation at

rates not less than one and one-half times the regular rate of pay for all hours worked by them in excess of 40 in a workweek in violation of the NJWHL and its regulations.

81. Defendants' NJWHL violations have caused Plaintiff Fischer and the Class irreparable harm for which there is no adequate remedy at law.

82. Due to Defendants' NJWHL violations, Plaintiff Fischer and the New Jersey Class are entitled to recover from Defendants their unpaid wages for the legally required amount of overtime compensation for all hours worked by them in excess of 40 in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to NJWHL § 34:11-56a25.

### THIRD CAUSE OF ACTION: MARYLAND WAGE AND HOUR LAW (MARYLAND CLASS)

83. Plaintiffs reallege and incorporate by reference the paragraphs 1 through 65 as if they were set forth again herein.

84. At all relevant times, Plaintiff Omoruyi and the members of the Maryland Class were employed by Defendants within the meaning of the MWHL.

85. Defendants willfully violated Plaintiff Omoruyi's rights and the rights of the Maryland Class by failing to pay them for all hours worked, as well as for overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek, in violation of the MWHL.

86. Defendants' MWHL violations have caused Plaintiff Omoruyi and the Maryland Class irreparable harm for which there is no adequate remedy at law.

87. Due to Defendants' MWHL violations, Plaintiff Omoruyi and the Maryland Class are entitled to recover from Defendants their unpaid wages for the legally required amount of

overtime compensation for all hours worked by them in excess of 40 in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to the MWHL.

**FOURTH CAUSE OF ACTION:
MARYLAND WAGE PAYMENT AND
COLLECTION LAW (MARYLAND CLASS)**

88.   Plaintiffs reallege and incorporate by reference the paragraphs 1 through 65 as if they were set forth again herein.

89.   Plaintiff Omoruyi and members of the Maryland Class are entitled to compensation for time suffered and permitted as work benefitting Defendants.

90.   Defendants have not paid Plaintiff Omoruyi and members of the Maryland Class their full wages as mandated by the MWPCL.

91.   Defendants' violation of the MWPCL is willful.

92.   Plaintiff Omoruyi and members of the Maryland Class have suffered pecuniary losses and are entitled to full recovery pursuant to the MWPCL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the Collective Action Members and the State Class Members are entitled to and pray for the following relief:

    a.   Designation of this action as an FLSA collective action on behalf of Plaintiffs and the Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the Collective Action Class, apprising them of the pendency of this action, permitting them to assert timely

        FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statue of limitations;

b.    Certification of the New Jersey Class as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff Fischer and her counsel to represent the members of the New Jersey Class;

c.    Certification of the Maryland Class as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff Omoruyi and his counsel to represent the members of the Maryland Class;

d.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the NJWHL, the MWHL, and the MWPCL;

e.    An injunction requiring Kmart to cease its unlawful practices under, and comply with, the NJWHL;

f.    An injunction requiring Kmart to cease its unlawful practices under, and comply with, the MWHL and MWPCL;

g.    An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay under the FLSA, the NJWHL, the MWHL, and the MWPCL;

h.    An award of liquidated and/or punitive damages as a result of Kmart's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216, the NJWHL, the MWHL, and the MWPCL;

i.    An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

j.  An award of prejudgment and post-judgment interest;

k.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiffs; and

l.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: July 3, 2013

_____
Seth R. Lesser
Fran L. Rudich*
Michael J. Palitz
Rachel E. Berlin*
KLAFTER, OLSEN & LESSER, LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Tel: (914) 934-9200
Fax: (914) 934-9220

Gary E. Mason*
Nicholas A. Migliaccio*
Jason S. Rathod*
WHITFIELD BRYSON & MASON LLP
1625 Massachusetts Ave., N.W., Suite 605
Washington, DC 20036
Tel: (202) 429-2294
Fax: (202) 429-2294

Marc S. Hepworth*
David A. Roth*
Charlie Gershbaum
HEPWORTH GERSHBAUM & ROTH, PLLC
192 Lexington Avenue
Suite 802
New York, New York 10016
Tel: (212)545-1199

Fax: (212)532-3801

Peter Winebrake*
R. Andrew Santillo*
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone: 215.884.2491
Fax: 215.884.2492
*Attorneys for Plaintiffs*

\* To be admitted Pro Hac Vice