IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RECEIVED
JUN 10 2016
AT 8:30_____M
WILLIAM T WALSH CLERK

| | |
|---|---|
| AMY FISCHER and MORRISON OMORUYI, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KMART CORPORATION,<br><br>Defendant. | Case No. 3:13-cv-4116 (AET)(DEA)<br><br>Judge Anne E. Thompson<br>Magistrate Judge Douglas E. Arpert |
| GINA HAUTUR and CAROL GURNISH, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KMART CORPORATION,<br><br>Defendant. | Case No. ~~1:15-cv-00207~~ 16-3226 |

### [PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT

This matter comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of the Parties' Stipulation and Settlement Agreement (the "Preliminary Approval Motion"), and after review and consideration of the Stipulation and Settlement Agreement (the "Stipulation"), the papers in support of the Preliminary Approval Motion, and the arguments of counsel, IT IS HEREBY ORDERED as follows:

1. The proposed Settlement, as embodied in the terms of the Stipulation, is hereby preliminarily approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Collective and Class Members (as defined in the Stipulation), in light of the factual, legal, practical, and procedural considerations raised by this case.

1

2. Solely for the purpose of Settlement (as defined in the Stipulation), the Court hereby preliminarily certifies the following Class, all persons who were or are actively employed as exempt Hardlines or Softlines Assistant Store Managers by Kmart for at least one workweek during the applicable Relevant Period, who have not signed or are otherwise subject to or bound by Kmart's Arbitration Policy/Agreement, Transition Pay Plan, or any other agreement that has released the claims at issue in the Settled Lawsuits, or have been dismissed or withdrew from the Settled Lawsuits, in:

    a. Maryland at any time from July 3, 2010, through the Preliminary Approval Date;

    b. New Jersey at any time from July 3, 2011, through the Preliminary Approval Date;

    c. New York at any time from March 27, 2009, through the Preliminary Approval Date; or

    d. Ohio at any time from March 27, 2012 through the Preliminary Approval Date.

3. If the Settlement does not become final for any reason, the fact that the Parties were willing to stipulate to class action certification for settlement purposes shall have no bearing on, and will not be admissible in connection with, the issue of whether a class action is properly certified in a non-settlement context. The Court's findings are for purposes of preliminarily certifying a Settlement Class and will not have any claim, issue, or evidentiary preclusion or estoppel effect in any other action against the Defendant Releasees (as defined in the Stipulation) or in this litigation if the Settlement is not finally approved.

4. The Court finds that certification of the Class listed above, solely for purposes of Settlement, is appropriate in that: (a) the Class Members are so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) claims of the Plaintiffs (as defined in the Stipulation) are typical of the claims of the Class; (d) the Plaintiffs and Plaintiffs' Counsel (as


defined in the Stipulation) have fairly and adequately represented and protected the interests of the Class; and (e) a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Court hereby preliminarily appoints Plaintiffs Amy Fischer (NJ), Morrison Omoruyi (MD), Gina Hautur (NY), Carol Gurnish (OH), as Representatives of the Class, and finds that they meet the requirements of Rule 23(a)(4).

6. In accordance with Rules 23(a)(4) and (g), the Court approves the following attorneys as Class Counsel for all of the Class:

KLAFTER OLSEN & LESSER LLP
Two International Drive, Ste. 350
Rye Brook, NY 10573
Tel: (914) 934-9200

WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Tel: (215) 884-2491

WHITFIELD BRYSON & MASON LLP
1625 Massachusetts Ave., N.W., Suite 605
Washington, DC 20036
Tel: (202) 429-2294

HEPWORTH GERSHBAUM & ROTH, PLLC
192 Lexington Avenue
Suite 802
New York, NY 10016
Tel: (212)545-1199

MIGLIACCIO & RATHOD LLP
412 H Street N.E., Suite 302
Washington, D.C. 20002
Tel: (202) 470-3520

7. The Court finds that the plan for providing notice to the Class and the Collective (as defined in the Stipulation) is the best notice practicable under the circumstances and satisfies the requirements of due process and/or Rule 23. That plan is approved and adopted. This Court further finds that the Collective and Class Notices, attached as Exhibits 1 and 2 hereto, complies with Rule 23(c)(2) and Rule 23(e), and is appropriate as part of the plan for issuing notice set forth in the Stipulation, and thus is approved and adopted.

8. The Court appoints Rust Consulting, Inc. as the Claims Administrator for this settlement.

9. The Court finds and orders that no other notice is necessary.

10. The Court orders that pending final determination as to whether the Settlement should be approved, the Plaintiffs, Collective Members and Class Members, whether or not such persons have appeared in this action, shall not institute or prosecute any claims or actions against the Defendant Releasees that fall within the definition of the claims being released under the terms of the Settlement Agreement. Any other pending actions, including any pending class or collective actions brought pursuant to either Rule 23 of the Federal Rules of Civil Procedure or 29 U.S.C. § 216(b), by Plaintiffs, Collective Members or Class Members against the Defendant Releasees, pending before any state or federal court are stayed on an interim basis as to any claims that fall within the definitions of the Released FLSA Claims and Released Non-FLSA Claims for the Relevant Period.

11. To effectuate the Settlement, the Court hereby establishes the following deadlines and dates for the acts and events as set forth in the Stipulation, and directs the parties to incorporate the deadlines and dates in the Class Notice and required forms attached to the Stipulation as follows:

| DESCRIPTION | DEADLINE |
|---|---|
| Deadline for Defendants to provide to Claims Administrator a Database of all Collective and Class Members, including each person's name, last known address, social security number, state(s) where last employed, and number of Weeks Worked during the applicable class period(s) | Within 10 business days after the Preliminary Approval Order. *See* Stipulation ¶2.4.1. |
| Deadline for mailing of Class and Collective Action Notices by Claims Administrator to the Collective and Class Members. | Within 15 business days after receipt of the Database of Collective and Class Members from Defendants. *See* Stipulation ¶2.4.2. |
| Deadline for Class Members to submit Opt-Out Request | Within 45 calendar days after the date of initial mailing of Class and Collective Action Notices. *See* |

| DESCRIPTION | DEADLINE |
|---|---|
|  | Stipulation ¶2.4.8. |
| Deadline for Collective or Class Members to file written objections to the Settlement, if applicable | Within 45 calendar days after the date of initial mailing of Class and Collective Action Notices. *See* Stipulation ¶2.4.10. |
| Deadline for Class Members to submit Claim and Consent to Join Settlement Form ("Notice Response Deadline") | Within 60 calendar days after the date of initial mailing of Class and Collective Action Notices. *See* Stipulation ¶2.4.6. |
| Deadline for Plaintiffs to file Motion(s) for Final Approval and for an award of attorneys' fees, costs and Enhancement Awards | Two weeks prior to the Final Approval and Fairness Hearing. *See* Stipulation ¶2.3.5. |
| Final Approval and Fairness Hearing | _____ (no earlier than 90 calendar days from the date notice of settlement has been provided in accordance with 28 U.S.C. § 1715) |

12. The fairness hearing and hearing for Final Approval set forth in the Class and Collective Action Notices is hereby scheduled for __November 2, 2016__ at __2:30__ a.m./(p.m). at the Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street Room 2020, Trenton, NJ 08608.

IT IS SO ORDERED.

DATED: __June 10, 2016__        _____
Honorable Douglas E. Arpert
United States Magistrate Judge

5